### METROPOLITAN PRINTING CO. v. BON BON CO.

(Supreme Court, Appellate Term. March 5, 1909.)

LANDLORD AND TENANT (§ 233*) — ACTION FOR RENT — DISMISSAL OF COUNTERCLAIM.

In an action for rent, where the complaint alleged and the answer admitted that defendant as plaintiff's tenant under a lease had not paid the rent for part of the term, and a counterclaim for damages for failure of plaintiff to perform its covenant in the lease to furnish heat on certain days was not made out, it was properly dismissed, and judgment rendered upon the indebtedness under the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 233.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Metropolitan Printing Company against the Bon Bon Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAY-TON, JJ.

Keener, Lewis & Layng, for appellant.

Leon Laski, for respondent.

MacLEAN, J. It was alleged in the complaint and admitted in the answer that the defendant, as tenant, had the fifth floor of 130–134 West Twenty-Fourth street under a lease, and had not paid the rent for March and April, 1908, amounting to $265. The defendant set up as a counterclaim that it had suffered damages $1,650 for expenses incurred by it during its enforced suspension of operations because of the plaintiff's failure to perform its covenant in the lease to furnish heat, power, and live steam, and which it did not do on four days in November, 1907, two days in April, 1908, and for the last few days in the term, when because of such failure it left the premises. Its counterclaim the defendant in no wise made out. Its manager testified to the running expenses of the establishment in New York and in two other places, but on cross-examination admitted that the only employés whose work depended upon the supply of steam were nine Italians, who were not discharged, but kept employed at other things on the days the steam failed, and also that, the company's lease expiring with the end of April, it began moving out of the premises about the 19th, taking some days for removal. The trial justice properly dismissed the counterclaim and gave judgment upon the indebtedness under the lease. The judgment should not be disturbed.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

DAYTON, J. (dissenting). The evidence that plaintiff failed to supply steam heat and power as covenanted and necessary for defendant's business on the days specified was not successfully contradicted. Nor was the testimony that by reason thereof several of defendant's employés were prevented from doing the work for which they were engaged. The proofs that in other particulars defendant's business was thereby damaged were sufficient to entitle defendant to offer testimony concerning such damages. The trial court under exception practically excluded all evidence to show the losses incurred by defendant arising out of plaintiff's breach of this covenant.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.